UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/JFD) |
| This Document Relates to:<br>Civil Action Nos. 18-2460, 18-2833, 18-2834, 18-2835, 19-263, 19-284 (MJD/JFD) | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, shareholder derivative actions are pending in this Court and have been consolidated under the case caption *In re: CenturyLink Sales Practices and Securities Litigation*, No. 17-md-2795-MJD-JFD, 18-cv-2460, 18-cv-2833, 18-cv-2834, 18-cv-2835, 19-cv-263, 19-cv-284 (the "Federal Derivative Actions").

WHEREAS, (i) Lead Plaintiff Timothy Ault, and plaintiffs Michael Barbree, Glen Walker, Sona Andresian, Jr., Neil TS Flanders, Inter-Marketing Group USA, Inc., Dennis Palkon, and Edward Tansey in the Federal Derivative Actions; (ii) plaintiffs Michael Castagna, and Mitchell Pinsly, and Thomas Sheppard in the Louisiana state derivative actions, *Pinsly v. Post, et al.*, No. C-20182002, *Castagna Jr. v. Post, et al.*, No. C-20182006, and *Sheppard v. Post, et al.*, No. C-20182799 (collectively, the "State Derivative Actions"), pending in the 4th Judicial District Court for the Parish of Ouachita (plaintiffs in the Federal Derivative Actions and the State Derivative Actions are collectively referred to as "Derivative Plaintiffs"); (iii) the putative shareholder Chang Choi who on December 12, 2019 sent a demand ("Choi Demand") to the then-Chairman

of CenturyLink, Inc.'s board of directors (Choi and the Derivative Plaintiffs together are collectively referred to as "Settling Shareholders") (the Choi Demand, the Federal Derivative Actions, and the State Derivative Actions are collectively referred to as the "Actions"); (iv) nominal Defendant CenturyLink, Inc. ("CenturyLink" or the "Company"); and (v) Defendants G. Clay Bailey, Martha Bejar, Virginia Boulet, Peter Brown, Kevin Chilton, Steven Clontz, David Cole, Dean Douglas, R. Stewart Ewing, Jr., T. Michael Glenn, W. Bruce Hanks, Mary Landrieu, Gregory McCray, C.G. Melville, Jr., William Owens, Harvey Perry, Glen Post III, Michael Roberts, Laurie Siegel, Sunit Patel, Karen Puckett, Jeffrey Storey, and Joseph Zimmel, all of whom are current and former officers and/or directors of CenturyLink (the "Individual Defendants" and CenturyLink are collectively referred to as the "Defendants") (the Settling Shareholders and Defendants are collectively referred to as the "Parties"), entered into a Stipulation that is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve, and discharge the Federal Derivative Actions, the State Derivative Actions, the Choi Demand, and all Released Claims.

WHEREAS, Lead Plaintiff has applied, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure ("Rule 23.1"), for entry of an order: (a) preliminarily approving the proposed settlement (the "Settlement") of the Federal Derivative Actions, in accordance with the Stipulation; and (b) approving the provision of Notice to CenturyLink shareholders;

WHEREAS, unless otherwise defined in this Judgment, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

**IT IS HEREBY ORDERED:**

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23.1, that it will likely be able to finally approve the Settlement as being fair, reasonable, and adequate to CenturyLink shareholders, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Settlement Hearing shall be held on January 16, 2024 at 11:00 a.m. via Video Conference (no courtroom) before Judge Michael J. Davis to:

> (a) Determine whether the Stipulation, and the terms and conditions of the Settlement set forth in the Stipulation, are fair, reasonable, and adequate and should be approved by the Federal Court;

> (b) Determine whether an Order and Final Judgment should be entered dismissing the Federal Derivative Actions with prejudice, including as against Defendants, releasing the Released Claims against the respective Releasees, and barring and enjoining prosecution of any and all Released Claims against any and all respective Releasees;

> (c) Hear and determine any objections to the Settlement;

> (d) Consider Lead Counsel's petition for an award of attorneys' fees and expenses in connection with the Actions (the "Fee and Expense Amount") and any petition for Service Awards to the Derivative Plaintiffs; and

> (e) Rule on other such matters as the Court may deem appropriate.

3. **Adjournment Without Further Notice** – The Court may adjourn the Settlement Hearing or any adjournment thereof, including, without limitation, consideration of any Fee and Expense Amount, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

4. **Approval Without Further Notice** – The Court may approve the Settlement at or after the Settlement Hearing according to the terms and conditions of the Stipulation, as it may be modified by the Parties, with or without further notice. Further, the Court may render its judgment, and order the payment of any Fee and Expense Amount, all without further notice.

5. **Notice** – The Court approves, in form and content, the Summary Notice and Notice and finds that the distribution of the Summary Notice and Notice substantially and in the manner and form set forth in this Preliminary Approval Order meets the requirements of Rule 23.1, due process, and applicable law, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. At least fourteen (14) calendar days before the Settlement Hearing, Lead Plaintiff and Defendants shall file with the Court appropriate affidavits or declarations verifying dissemination of the Summary Notice and Notice.

(a) Within fifteen (15) calendar days following this Court's entry of this Preliminary Approval Order, notice shall be provided to CenturyLink shareholders in the following manner: (i) CenturyLink shall issue a press release containing the Summary Notice on GlobeNewswire; (ii) CenturyLink shall publish the Stipulation and the Notice, substantially in the form of Exhibit B to the Stipulation, on an Internet page that

CenturyLink shall create for this purpose, which shall be accessible via a link on the "Investor Relations" page of CenturyLink's website; and (iii) Settling Shareholders' Counsel shall publish the Notice through posting on their respective firm websites.

(b) All costs incurred regarding notice to CenturyLink shareholders of the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

6. **Stay and Temporary Injunction** – Pending final determination of whether the Stipulation should be approved, this Court preliminarily bars and enjoins Lead Plaintiff, Settling Shareholders, CenturyLink shareholders, and Defendants from instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly or indirectly, representatively, individually, derivatively on behalf of CenturyLink or directly by CenturyLink, or in any other capacity, any action or other proceeding asserting any Released Claims. Any and all proceedings in the Federal Derivative Actions shall be stayed except as otherwise provided for in the Stipulation, and no party to the Federal Derivative Actions or any CenturyLink shareholder shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Releasees. Notwithstanding the above and Paragraphs 23 and 24 of the Stipulation, nothing herein shall in any way impair or restrict the rights of any Party to defend this Stipulation or to otherwise respond in the event any Person objects to the Stipulation, the proposed Judgment to be entered, and/or the Fee and Expense Amount.

7. **Appearance at the Settlement Hearing and Objections** – Any record or beneficial shareholder of CenturyLink who objects to the Stipulation, the Settlement, the Order and Final Judgment to be entered in the Federal Derivative Actions, the Fee and

5

Expense Amount, or who otherwise wishes to be heard, may appear in person or by his, her, their, or its attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; *provided, however*, that, except for good cause shown or as this Court otherwise directs, no Person shall be heard and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by this Court, unless that Person, at least twenty (20) calendar days prior to the Settlement Hearing, files an Objection with the Clerk of the Court in writing and serves upon counsel listed below: (a) a written and signed notice of intention to appear that identifies their name, their address (or, if represented, the address of the Person's counsel), telephone number, the case name and number (*In re: CenturyLink Sales Practices and Securities Litigation*, No. 17-md-2795-MJD-JFD, 18-cv-2460, 18-cv-2833, 18-cv-2834, 18-cv-2835, 19-cv-263, 19-cv-284) and states all reasons for the Objection; (b) gives proof of current ownership of CenturyLink common stock, including the number of shares and documentary evidence of when such stock ownership was acquired; (c) clearly identifies any and all evidence that would be presented at the Settlement Hearing in connection with such Objection, along with the names of any witness(es) they intend to call to testify at the Settlement Hearing and the subject(s) of their testimony; and (d) identifies any case, by name, court, and docket number, in which the shareholder, or his, her, or its attorney, has objected to a settlement in the last three years. Such filings must be served upon each of the following counsel at least twenty (20) calendar days prior to the Settlement Hearing, with a copy emailed to both Lead Counsel at eagel@bespc.com and Counsel for certain Defendants at pgibbs@cooley.com and tboyd@winthrop.com.

Bragar Eagel & Squire, P.C.
Attn: Lawrence P. Eagel, Esq.
810 Seventh Avenue, Suite 620
New York, New York 10019
Email: eagel@bespc.com
*Attorney for Lead Plaintiff*

Cooley LLP
Attn: Patrick Gibbs, Esq.
3175 Hanover Street
Palo Alto, CA 94304
Email: pgibbs@cooley.com

Winthrop & Weinstine, P.A.
Attn: Thomas H. Boyd, Esq.
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402
Email: tboyd@winthrop.com
*Attorneys for Nominal Defendant and Non-Special Litigation Committee Individual Defendants*

Counsel for the Parties are directed to promptly furnish each other with copies of any and all objections that might come into their possession.

8. **Waiver of Objections** – Unless the Court otherwise directs, no Person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any Fee and Expense Amount, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in Paragraph 7 above. Any Person who fails to object in the manner described above shall be deemed to have waived the right to object (including, without limitation, any right of appeal) and shall be forever barred from raising such objection in this or any other suit, action, or proceeding.

9. **Supporting Papers** – Not later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead Counsel shall file and serve the opening papers in support of the proposed Settlement and the Fee and Expense Amount. Defendants shall file any brief opposing the Fee and Expense Amount not later than twenty (20) calendar days prior to

the Settlement Hearing, but have agreed that they will not object to or otherwise take any position on the requested Fee and Expense Amount, so long as the total amount of such fees and expenses sought by Lead Counsel does not exceed one million eight hundred fifty thousand dollars ($1,850,000). Reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing. If any objections to the Settlement are received or filed pursuant to Paragraph 7 above, any of the Parties may file and serve a response to those objections no later than ten (10) calendar days prior to the Settlement Hearing.

10. **Effect of Approval** – If the Settlement is approved by the Court following the Settlement Hearing, the Court shall enter an Order and Final Judgment substantially in the form attached to the Stipulation as Exhibit E. The effectiveness of the Order and Final Judgment shall not be conditioned upon the approval of any Fee and Expense Amount, either at all or in any particular amount, by the Court.

11. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Settling Shareholders and Defendants, and Settling Shareholders and Defendants shall revert to their respective positions in the Actions as of February 10, 2023, as provided in the Stipulation.

12. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation, including the exhibits thereto, the negotiations leading to the execution of the Term Sheet

and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Settling Shareholders or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Settling Shareholders Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Shareholders Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that relief recoverable under the Amended Complaint would not have exceeded the Cash Payment and Reforms or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Settling Shareholders Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or

presumption that the consideration to be given under the Settlement represents the relief which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

13. **Extensions Without Further Notice** – The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice.

14. **Interpretation of Headings** – The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 10th day of October, 2023.

s/Michael J. Davis
Michael J. Davis
United States District Court